## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **CHARLES BRACKHAN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 16-CV-03071** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Petitioner Charles Brackhan has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1).  Petitioner asserts that (1) he is actually innocent of the offense of discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3); (2) his counsel provided ineffective assistance by advising Petitioner that no defense was available to the § 924(c) charge and by failing to inform Petitioner of the elements necessary to secure a § 924(c) conviction; and (3) his guilty plea was involuntary due to ineffective assistance of counsel.  Because

Petitioner has waived or procedurally defaulted his claims and is not otherwise entitled to relief, Petitioner's Motion is DENIED.

## I. BACKGROUND

In May 2014, the grand jury returned an eight-count Superseding Indictment against Petitioner.  See United States v. Brackhan, United States District Court for the Central District of Illinois, Case No. 13-30084 (hereinafter, Case No. 13-30084), Superseding Indictment (d/e 11).  On September 25, 2014, Petitioner pleaded guilty to Count 1, manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); Count 3, discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count 5, being a drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3).

In the Plea Agreement, the parties agreed that the appropriate sentence was a within guideline sentence on Counts 1 and 5 to run concurrently and the mandatory minimum of 120 months on Count 3 to run consecutively to Counts 1 and 5.  Case No. 13-30084, Plea Agreement ¶ 16 (d/e 23).  Because the Plea Agreement was made pursuant to Rule 11(c)(1)(C), the sentence would be

binding on the Court if the Court accepted the Plea Agreement.  Id.
¶¶ 3, 17.

At the Change of Plea hearing before United States Magistrate
Judge Tom Schanzle-Haskins, Petitioner was placed under oath
and advised that his answers were subject to the penalty of
perjury.  Case No. 13-30084, Change of Plea Transcript at 4 (d/e
46).  Petitioner agreed that he had ample opportunity to discuss
his case with his counsel and was satisfied with counsel's
representation.  Tr. at 6-7.  Petitioner affirmed that he had an
opportunity to discuss with counsel the charges in the Indictment
to which he was pleading guilty.  Tr. 7.

Judge Schanzle-Haskins asked the prosecutor to explain the
elements of the offenses.  The prosecutor explained that Count 3
had four elements:

> First, the defendant committed the conduct
> charged in Count 1 of the superseding indictment;
>
> Second, that he knowingly possessed the firearm;
>
> Third, his possession of the firearm was in
> furtherance of the marijuana manufacturing as alleged
> in Count 1; and

Fourth, that the defendant discharged the firearm
during the commission of the offense as stated in
Counts 1 and 3.

Tr. 8.   When Judge Schanzle-Haskins asked Petitioner if he

understood the elements, Petitioner responded, "Yes, Your Honor."

Tr. at 8.  After the prosecutor stated the possible penalties and

Petitioner stated that he understood the possible penalties, Judge

Schanzle-Haskins asked Petitioner if he had any questions about

the nature of the charges or the possible penalties.  Petitioner

stated, "No, Your Honor." Tr. 10.

Judge Schanzle-Haskins advised Petitioner of his rights, and

Petitioner waived those rights.  Tr. 10-15.  Petitioner denied that

anyone made any promises or assurances other than what was

contained in the Plea Agreement.  Tr. 15.  Petitioner affirmed that

he was pleading guilty of his own free will because he was guilty.

Tr. 15.

When Judge Schanzle-Haskins asked the prosecutor to state

what the evidence would be at trial, the prosecutor read the factual

basis and stipulation of facts contained on pages 8, 9, and 10 of

the Plea Agreement.  In sum, Petitioner admitted that he

manufactured marijuana at 26959 Sweetwater Avenue in

Greenville, Illinois, periodically stayed at the Sweetwater property

to tend his marijuana grow, kept a firearm for protection while at

the property, and shot an individual who broke into the property

intending to steal marijuana plants:

> [O]n or about March 19th of 2013, law enforcement
> responded to a shots-fired call to defendant's property,
> specifically 26959 Sweetwater Avenue, Greenview,
> Illinois.
>
> Nobody answered the door when they arrived, but
> officers observed several marijuana plants in a vehicle
> parked in the driveway.
>
> As they began interviewing witnesses about what
> happened that night, officers learned that three
> individuals—namely Donald Roach, Chance Williams,
> and Aaron Fehl—went to the defendant's property
> intending to steal plants from the defendant's marijuana
> grow inside the residence.
>
> Aaron Fehl broke into the residence with a firearm.
> The defendant was sta[y]ing inside the residence at the
> time. During an exchange of gunfire inside the house,
> the defendant shot and killed Fehl with a Kel-Tec 9
> millimeter handgun bearing serial number ANP73.
>
> When officers later entered the defendant's
> residence, they found several items indicative of a
> marijuana grow operation in two of the rooms in the
> house and recovered several marijuana plants from a
> vehicle at the scene.
>
> The defendant consented to being interviewed by
> law enforcement after the incident. During the formal
> interview, the defendant acknowledged manufacturing

marijuana in multiple rooms at the Greenview property. He also acknowledged placing the marijuana plants, which the officers seized from the vehicle at the scene, inside said vehicle prior to officers' arrival.

He claimed he smoked marijuana regularly.

The defendant acknowledged periodically staying at the Greenview residence to tend his marijuana grow, and he stated that he kept the firearm for protection while at the property.

After the interview, the defendant was released on bond pending charges in state court. After the federal warrant was issued for the present case, authorities went to arrest the defendant at his girlfriend's residence on or about December 4, 2013. The defendant was arrested without incident.

However, during the search of the residence where he was staying, officers recovered two unloaded firearms: a cased * * * Magnum Research Incorporated, 44 Magnum Desert Eagle * * * semi-automatic pistol bearing serial number DE0001226, and a Remington 870 Express shotgun bearing serial number Xl89853M, which was in plain view in the bedroom. Both firearms belonged to the defendant, and neither was manufactured in the state of Illinois.

Officers also recovered marijuana and other evidence suggesting the use of marijuana from the residence. The defendant admitted to being a marijuana user during his previous interview, and both the text messages from his phone and other contemporaneous witness interviews suggested the defendant continued to use marijuana regularly at the time of his December arrest.

Tr. 17-20.

Following the recitation of the factual basis, the following

exchange occurred between Judge Schanzle-Haskins and

Petitioner:

> THE COURT:  All right.  Mr. Brackhan, do you
> agree with the Government's summary of what you did?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT: And did you do what the Government
> says you did?
>
> THE DEFENDANT:  Yes, Your Honor.

Tr. 20.

Judge Schanzle-Haskins reviewed the Plea Agreement with

Petitioner.  Petitioner affirmed that he read and discussed the Plea

Agreement with his attorney before he signed it.  Tr. 20.  The Plea

Agreement contained waivers of the right to appeal the conviction

and sentence and waiver of the right to bring any collateral attack.

Plea Agreement ¶ 24-26.  Petitioner confirmed his understanding

of those provisions of the Plea Agreement.  Tr. 21-25.

On September 25, 2014, Judge Schanzle-Haskins entered a

Report and Recommendation recommending that this Court accept

Petitioner's conditional pleas of guilty.  Case No. 13-30084, Report

and Recommendation (d/e 26).  On October 17, 2014, this Court

adopted the Report and Recommendation and accepted Petitioner's plea of guilty to Counts 1, 3, and 5.

In February 2015, this Court sentenced Petitioner consistent with the Plea Agreement to a total term of 147 months' imprisonment, consisting of 27 months on each of Counts 1 and 5 to run concurrently and 120 months on Count 3 to run consecutively to Counts 1 and 5.  Case No. 13-30084, Judgment (d/e 39) (also providing for a three-year term of supervised release on each count and the mandatory special assessment).  Petitioner did not file a direct appeal.

On March 14, 2016, Petitioner's § 2255 Motion was filed.[1] Petitioner essentially raises three grounds for relief: (1) that he is actually innocent of Count 3; (2) that counsel provided ineffective assistance by advising Petitioner that no defense was available on

---

[1] The Motion reflects that Petitioner signed the Motion on February 12, 2016. The envelope containing the Motion appears to be postmarked March 6 or March 8, 2016.  The Motion is stamped "filed" by the Clerk of the Court on March 14, 2016.  Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a paper filed by an inmate is timely filed if deposited in the prison mailing system on or before the last day for filing.  Timely filing may be shown by either a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the date of deposit and stating that first-class postage has been prepaid.  Id. Petitioner did not indicate when he placed the Motion in the prison mailing system or that first-class postage had been prepaid.

Count 3 and by failing to advise Petitioner of the elements necessary to secure a § 924(c) conviction; and (3) that Petitioner's plea was involuntary due to ineffective assistance of counsel.

The Court finds an evidentiary hearing is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699-700 (7th Cir. 2010) (quotation omitted).

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation omitted).

Respondent argues that Petitioner's claims are barred by

certain "procedural hurdles."  Resp. at 11 (d/e 6).[2]  Respondent

argues that Ground One, which Respondent refers to as

Petitioner's challenge to the sufficiency of the evidence, is barred

by the waiver in Petitioner's plea agreement.

In his Plea Agreement, Petitioner waived his right to bring a

collateral attack.  A defendant may validly waive the right to

collaterally attack his conviction or sentence as part of a valid plea

agreement.  Keller v. United States, 657 F.3d 675, 681 (7th Cir.

2011).  Courts generally uphold and enforce such waivers with

limited exceptions.  The limited exceptions include when the plea

agreement was involuntary, the district court relied on a

constitutionally impermissible factor at sentencing, the sentence

exceeded the statutory maximum, or the defendant claims

ineffective assistance of counsel for performance directly related to

negotiation of the plea agreement.  Keller, 657 F.3d at 681(citing

Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999));

see also Department of Justice (DOJ) Press Release,

---

[2] Respondent also asserts that the Motion is likely untimely depending on
when the judgment is considered final and when Petitioner placed the motion
in the prison mail.  Id. at 6 n.4 (but noting that the issue need not be
addressed at an evidentiary hearing because Petitioner's claims can be
dismissed on other grounds without a hearing).

http://www.justice.gov/opa/pr/attorney-general-holder-announces-new-policy-enhance-justice-departments-commitment-suppoet (last visited October 26, 2016) (providing that the DOJ has instructed "prosecutors to decline to enforce waivers that have already been signed in cases where defense counsel provided ineffective assistance of counsel resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that the court should resolve").  Petitioner's claim in Ground One—to the extent it is a challenge to the sufficiency of the evidence—does not fall within any of these exceptions. Therefore, Ground One is barred by the waiver in the Plea Agreement.

Respondent also argues that Petitioner's challenge to the sufficiency of the evidence (Ground One) and voluntariness of the guilty plea (Ground Three) are procedurally barred because Petitioner did not raise the claims on direct appeal and cannot show cause or actual prejudice for failing to do so.  Resp. at 12. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent.'" Bousley v. United

States, 523 U.S. 614, 622 (1998) (quotation omitted); but see Massaro v. United States, 538 U.S. 500, 504-05 (2003) (holding that an ineffective assistance of counsel claim can be brought in the first instance in a § 2255 motion).

Petitioner responds that he is actually innocent and, if proved, actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations."  Reply at 7 (d/e 8) (citing McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), Holland v. Florida, 560 U.S. 631 (2010)).  In particular, Petitioner argues that he did not possess the firearm in furtherance of a drug trafficking crime because he was not engaged in distributing drugs and the mere presence of a weapon at the scene of a drug crime is insufficient to show that the firearm furthered the drug trafficking crime.

To make the requisite showing of actual innocence, a petitioner must demonstrate that, more likely than not, in light of new evidence, any reasonable juror would have reasonable doubt. House v. Bell, 547 U.S. 518, 538 (2006).  A petitioner must support an actual innocence claim "with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence –that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995) (noting that because such evidence is rarely available, actual-innocence claims are rarely successful).

Here, Petitioner has not pointed to any new, reliable evidence. Therefore, his actual innocence claim is insufficient. See United States v. Kirklin, No. 15 C 9537, 2016 WL 2644887, at *7 (N.D. Ill. May 10, 2016) (finding the petitioner had not overcome his procedural default because he offered "no new evidence whatsoever"). Consequently, Petitioner has not overcome the waiver and procedural default of Grounds One and Three.

Petitioner has not waived or procedurally defaulted his ineffective assistance of counsel claim (Ground Two). Nonetheless, as discussed below, Petitioner is not entitled to relief on that claim. In addition, even if the Court were to consider Petitioner's other claims—that the evidence was insufficient and his plea was involuntary—the Court would find Petitioner is not entitled to relief on those claims either.

Petitioner argues that counsel was ineffective for failing to present a defense. Petitioner asserts that counsel told him that,

because Petitioner had marijuana in his home and firearms were present, Petitioner had no defense.  Petitioner contends, however, that the Government's evidence was insufficient to prove him guilty beyond a reasonable doubt because Petitioner did not distribute drugs and the "in furtherance of" element was not met.  Petitioner claims that had counsel informed him of the elements necessary to secure a § 924(c) conviction and the scant evidence the Government had, Petitioner would have proceeded to trial. Petitioner also argues that counsel's ineffective assistance of counsel rendered his guilty plea involuntary.

To show ineffective assistance of counsel in the context of a guilty plea, a petitioner must demonstrate: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial.  Bethel v. United States, 458 F.3d 711, 715 (7th Cir. 2006).  A court need not address the question of counsel's performance if it is easier to dispose of the claim due to an absence of prejudice.  Strickland v. Washington, 466 U.S. 668, 697 (1984); Taylor v. Bradley, 448 F.3d 942, 949 (7th Cir. 2006).

To show prejudice in the context of a guilty plea, Petitioner must establish with objective evidence a reasonable probability that, but for counsel's erroneous advice, he would not have pleaded guilty and would have insisted on going to trial. Bethel, 458 F.3d at 717. The mere allegation that, but for counsel's erroneous advice, a petitioner would not have pleaded guilty and would have insisted on going to trial is insufficient to establish prejudice. Berkey v. United States, 318 F.3d 768, 772-73 (7th Cir. 2003). Instead, a petitioner must establish, through objective evidence, that a reasonable probability exists that he would have proceeded to trial. Id.

Petitioner has not shown ineffective assistance of counsel here. Even if counsel did not advise Petitioner of the elements necessary to secure a § 924 conviction, Judge Schanzle-Haskins did so at the Change of Plea hearing. Tr. 8. Petitioner was advised that, on Count 3, the Government had to prove that Petitioner (1) committed the offense of manufacturing marijuana; (2) knowingly possessed the firearm; (3) that his possession of the firearm was in furtherance of the marijuana manufacturing; and (4) Petitioner discharged the firearm during the commission of the offenses

stated in Count 1 (manufacturing marijuana) and Count 3.  <u>See</u> Tr.
8; see also Plea Agreement ¶ 7.  Petitioner expressed
understanding.  Tr. 8.  Petitioner also admitted that the United
States could prove facts that satisfied those elements.  <u>See</u>  Tr. 20
(agreeing that he did what the Government said he did); Plea
Agreement ¶ 21 (Stipulation of Facts).  Petitioner's current claim—
that he did not understand the elements of the offense—is belied
by his own statements at the Change of Plea hearing.  <u>See</u> <u>United
States v. Mitchell</u>, 58 F.3d 1221, 1226 (7th Cir. 1995) (finding the
defendant's claim of ineffective assistance of counsel was belied by
the record); <u>Bridgeman v. United States</u>, 229 F.3d 589, 592 (7th
Cir. 2000) (finding the petitioner's argument that his counsel's
advice rendered his plea involuntary was belied by his statements
at the plea hearing, which are presumed truthful).

 Moreover, Petitioner's claim that counsel failed to present a
defense is based on a misinterpretation of the law.  Petitioner
argues that counsel should have challenged the § 924(c) charge on
the ground that the Government had no evidence of drug
distribution.  However, evidence of drug distribution is not

required to show that a defendant possessed a firearm in furtherance of a drug trafficking crime.

Petitioner pleaded guilty to possessing and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).  A drug trafficking crime is defined as any felony punishable under the Controlled Substances Act.  18 U.S.C. § 924(c)(2).  Under the Controlled Substances Act, it is unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance[.]"  21 U.S.C. § 841(a)(1); see also, e.g., Lopez v. Lynch, 810 F.3d 484, 489 (7th Cir. 2016) (noting that a drug trafficking crime includes knowingly or intentionally manufacturing a controlled substance); United States v. Eller, 670 F.3d 762, 763 (7th Cir. 2012) (affirming conviction for possession of a firearm in furtherance of a drug-trafficking crime where the drug trafficking crime was manufacturing marijuana but there was also evidence of drug distribution).

The Superseding Indictment in this case identified the drug trafficking crime as the manufacture of mixtures or substances containing a detectable amount of marijuana and the use or

maintenance of a building for the purpose of manufacturing marijuana.  Case No. 13-30084, Superseding Indictment, Count 3 (d/e 11).  Because the manufacture of a controlled substance is a drug trafficking crime, Petitioner's claim that the Government lacked evidence of drug distribution is immaterial because the Government was not required to prove drug distribution.  Therefore, Petitioner has not shown that counsel was ineffective for failing to defend Count 3 on the ground that Petitioner was not engaged in drug distribution.

Petitioner correctly notes that the mere presence of a firearm at the scene of a drug crime is insufficient to prove that the firearm was possessed in furtherance of a drug trafficking crime.  See United States v. Castillo, 406 F. 3d 806, 814 (7th Cir. 2005).  To prove the "in furtherance of" element, the Government must present a viable theory as to how the firearm furthered the drug trafficking offense and present specific evidence to tie the gun and the drug crime together.  Id. at 815.  "One legal theory that has been advanced, and unanimously accepted, is that a possessed gun can forward a drug-trafficking offense by providing the dealer,

his stash or his territory with protection." United States v. Duran, 407 F.3d 828, 840 (7th Cir. 2005).

Petitioner admitted exactly those facts here.  Petitioner acknowledged in his Plea Agreement and at the Change of Plea hearing  that he manufactured marijuana in multiple rooms of the Sweetwater property, he periodically stayed at the property to tend to his marijuana grow, and he kept the firearm for protection while at the property.  See Case No. 13-30084, Plea Agreement ¶ 21; Tr. 17-20.  He also acknowledged that the individuals who broke into the property intended to steal Petitioner's marijuana plants, and Petitioner shot and killed one of them.  Id.  Such evidence supports Petitioner's conviction for possessing and discharging a firearm in furtherance of a drug trafficking crime.

Petitioner now attempts to dispute those facts by asserting that the intruders were not there to steal the marijuana plants and that Petitioner was merely protecting his home and girlfriend. However, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." United States v. Peterson, 414 F.3d 825, 827 (7th

Page 19 of 21

Cir. 2005) (rejecting claim that the plea was involuntary where the petitioner alleged that his counsel falsely promised him that his sentences would run concurrently but the petitioner denied at the plea hearing that anyone made promises not contained in the plea agreement and stated that he understood that the sentences need not be concurrent).  Petitioner does not provide any explanation for the contradiction here.

Petitioner has failed to demonstrate that counsel was ineffective, that his guilty plea was involuntary, or that insufficient evidence supported Petitioner's conviction on Count 3.  Petitioner's Motion under § 2255 is denied.

### III.   CONCLUSION

For the reasons above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).  This case is closed.

ENTER:  October 26, 2016

FOR THE COURT:

       s/Sue E. Myerscough
      SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE